### APPEAL OF MAXWELL E. BESSELL.

Docket No. 4971. Submitted October 27, 1925. Decided February 3, 1926.

A partner is required to return as income only the share of the partnership profits which he is entitled to receive.

*Edward F. Dalton, Esq.*, for the taxpayer.
*Ellis W. Manning, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from the determination of a deficiency of $427.97 income tax for 1919, due to an increase in the amount of income alleged to have been received from the partnership of Bayne, Hine & Co.

### FINDINGS OF FACT.

On January 1, 1918, taxpayer became a partner in the firm of Bayne, Hine & Co. Prior to that date taxpayer had been an employee of a partnership doing business under the same name and consisting of the same individuals who, with taxpayer, formed the new partnership.

The capital originally invested in the preceding partnership had been impaired and it was provided in the partnership agreement that, except for salaries, no profits should be distributed until this impairment of the capital of the other partners had been replaced. Taxpayer had no interest in such capital. It was further agreed

104881—27——40

that, after payment of salaries and the restoration of the capital investment of the other partners, taxpayer should receive 10 per cent of the profits.

During 1918 and 1919, taxpayer withdrew his salary, but the partnership profits were all used to restore the capital of the other partners, and no part thereof was paid or credited to taxpayer. Taxpayer's membership in the firm ceased on December 31, 1919, and he never received from the firm any profits other than such salary. No part of the partnership assets was contributed by the taxpayer.

In his 1919 income-tax return, taxpayer returned the salary as income. Upon an audit of the return, the Commissioner increased this income by 10 per cent of the profits of the partnership, after deducting salaries.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

### OPINION.

PHILLIPS: It is apparent from the findings of fact that the Commissioner has charged taxpayer with income which is properly chargeable to the other members of the partnership. The senior members of the partnership had originally contributed capital in the business which had been impaired during the continuance of the previous partnership. One of the conditions of the new partnership was that all profits in excess of salaries should be credited to such senior partners until the original capital invested was restored, and this disposition was made of the profits for 1919.